UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES T. MILES,

                              Plaintiff,         9:09-CV-1279
v.                                                   (LEK/ATB)

ALBANY CORRECTIONAL FACILITY, et al.,

                              Defendants.

---

JAMES T. MILES, Plaintiff Pro Se
DONALD P. FORD, JR., ESQ., for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter was referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Lawrence E. Kahn, Senior United States District Judge. Defendant Albany Correctional Facility has moved to dismiss plaintiff's civil rights claims against it. (Dkt. No. 15). Plaintiff has not responded to the motion to dismiss, and his deadline for doing so has expired.[1] For the foregoing reasons, this court recommends that the motion be granted, and the amended complaint dismissed as to Albany Correctional Facility.

---

[1] This court has **not** considered plaintiff's failure to respond in it determination of the motion to dismiss. *See Saxon v. Attica Medical Dept.*, 468 F. Supp. 2d 480, 482 (W.D.N.Y. 2007) (citing *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir.1983)).

**I.    Facts and Procedural History**

On November 16, 2009, plaintiff filed a complaint alleging that he was denied constitutionally adequate medical care by Albany Correctional Facility, an unnamed "John Doe" doctor, and a "Jane Doe" nurse. (Dkt. No. 1). On December 7, 2009, Judge Kahn filed a decision and order directing that plaintiff file an amended complaint naming the John/Jane Doe defendants "and, if desired, setting forth allegations against Albany Correctional Facility sufficient to withstand scrutiny under § 1915(e)." (Dkt. No. 4 at 7). In that decision, Judge Kahn warned plaintiff that his claims against Albany Correctional Facility were subject to dismissal because the complaint did not allege that the municipal defendant had adopted a custom or policy which was the moving force behind the alleged constitutional violation. (*Id.* at 3-4).

On April 28, 2010, plaintiff filed an amended complaint naming the defendant doctor and nurse as defendants; but it included no additional allegations about any custom or policy of the Albany Correctional Facility related to the purported deprivation of adequate medical care. (Dkt. No. 12). On May 14, 2010, defendant Albany Correctional Facility moved to dismiss the claims against it because plaintiff failed to allege that the purported deprivation of his constitutional rights resulted from a custom or policy of the relevant municipal entity. (Dkt. No. 15-7 at 2, citing *Monell*

2

*v. Department of Social Services of City of New York*, 436 U.S.658, 690 (1978)).[2] For that reason, and for one other reason explained below, plaintiff's claim against Albany Correctional Facility should be dismissed.

### III.    Discussion

Under New York law, departments which are merely administrative arms of a local government entity do not have a legal identity separate and apart from the government entity, and cannot sue or be sued. *See Peterson v. City of Syracuse Police Dept.*, 1:09-CV-00106 (LEK/RFT), 2010 WL 1235392, at *3 (N.D.N.Y. Mar. 31, 2010) (internal quotation omitted; citing, *inter alia*, *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id*. *See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y.1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)). Thus, the Albany Correctional Facility cannot be sued under 42 U.S.C. § 1983. However, even if plaintiff had named the proper entity (the County of Albany) as a defendant, the claim

---

[2] On June 23, 2010, plaintiff attempted to amend his complaint again, primarily to correct the date of the incidents alleged from 2007 to 2006. The proposed second amended complaint did not contain any allegations regarding municipal policies or customs. (Dkt. No. 27). This court struck the proposed amended complaint because plaintiff failed to file the appropriate motion to amend, or otherwise comply with the applicable local rules. (Dkt. No. 29).

against the municipality would still be subject to dismissal under *Monell*.

    As Judge Kahn's prior decision stated:

> It is well-settled that in order to establish liability of a municipality pursuant to 42 U.S.C. § 1983 for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]." *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted). Generally speaking, a single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not suffice to raise an inference of the existence of a custom or policy. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)[, overruled on other grounds by *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)].[3] A municipality may not be held liable on the basis of *respondeat superior* alone. *Id*.

(Dkt. No. 4 at 3-4).

    Plaintiff's amended complaint seems to focus on a single incident in which employees of the Albany Correctional Facility failed to provide him with "blood thinner medication," although it alleges other conduct by the staff of that facility over a few weeks. In any event, the only allegation plaintiff makes against the Albany Correctional Facility is that it "employed officers who were deliberately indifferent to the plaintiff's medical needs." (Amended Compl. ¶ 7, First Cause of Action, Dkt. No.

---

[3] The Second Circuit has continued to rely on *Dwares* for the proposition stated by Judge Kahn after the Supreme Court, in *Leatherman*, rejected a heightened pleading requirement to establish municipal liability under section 1983. *See, e.g., Okwedy v. City of New York*, 195 Fed. Appx. 7, 10 (2d Cir. 2006); *Dyno v. Village of Johnson City*, 240 Fed. Appx. 432, 434 (2d Cir. 2007).

12 at 8). Plaintiff does not state any basis for municipal liability other than *respondeat superior*, after having been warned by Judge Kahn that his original complaint failed to allege a municipal policy or custom related to the alleged constitutional violation, as required by *Monell*. Accordingly, the amended complaint should be dismissed against defendant Albany Correctional Facility, and would be subject to dismissal against Albany County, if it had been named as a defendant.

**WHEREFORE**, based on the findings above, it is **RECOMMENDED**, that defendant Albany Correctional Facility's motion to dismiss the amended complaint (Dkt. No. 15) be **GRANTED** and that the complaint be **DISMISSED** as against Albany Correctional Facility.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**Dated:  September 16, 2010**

Hon. Andrew T. Baxter
U.S. Magistrate Judge