UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES T. MILES,

                                            Plaintiff,

       vs.                                                             9:09-CV-1279
                                                                                  (LEK/ATB)

ALBANY CORRECTIONAL
FACILITY, et al.,

                                            Defendants.
_____

JAMES T. MILES, plaintiff *pro se*
DONALD P. FORD, JR., ESQ., for defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).  Presently before the court is defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that plaintiff has failed to exhaust his administrative remedies relating to his civil rights claims.  (Dkt. No. 36).  Defendant also seeks dismissal of the complaint for plaintiff's failure to participate in his deposition under Fed. R. Civ. P. 37(d).  In the alternative, defendant argues that plaintiff's medical indifference claim fails on the merits.  This court has interpreted plaintiff's November 10, 2011 submission as a response to the defendants' motion.[1]  (Dkt. No. 40).

---

[1] Docket number 40 is incorrectly labeled "Objection to Report-Recommendations."  I issued a prior Report-Recommendation on September 16, 2010, recommending dismissal of plaintiff's complaint against Albany Correctional Facility, one of the three defendants.  (Dkt. No. 35).  On September 17, 2010, the remaining two defendants filed this motion for summary judgment.  (Dkt. No. 36).  The time to object to my previous Report-Recommendation expired

This court finds that summary judgment should be granted in favor of defendants because plaintiff failed to exhaust his administrative remedies. Accordingly, this court recommends dismissal of the complaint  In addition, this court recommends that the dismissal should be with prejudice as a sanction for plaintiff's failure to participate in his deposition.

## I.  Procedural History

On November 16, 2009, plaintiff filed a complaint, alleging that he was denied constitutionally adequate medical care by Albany Correctional Facility, an unnamed "John Doe" doctor, and a "Jane Doe" nurse.  (Dkt. No. 1).  On April 28, 2010, plaintiff filed an amended complaint, replacing the John/Jane Doe defendants with Dr. Michael Salzman and Nurse Gloria Cooper.  (Dkt. No. 12).  On May 14, 2010, defendants filed a motion to dismiss.  (Dkt. No. 15).  On October 6, 2010, Judge Kahn adopted this court's recommendation and dismissed plaintiff's complaint as to Albany Correctional Facility for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 39).  On September 17, 2010, defendants filed their motion for summary

---

on October 4, 2010, with no objections filed.  On September 27, 2010, plaintiff requested, and was granted, an extension of time to respond to this motion for summary judgment; the extension lasted until November 12, 2010.  (Dkt. No. 38 & Text Order dtd. Sept. 28, 2010).  On October 6, 2010, Judge Kahn adopted my prior recommendation, dismissing Albany Correctional Facility (Dkt. No. 39).  On November 10, 2010, plaintiff filed what he labeled "Objection to Report-Recommendations."  (Dkt. No. 40).  This document was not considered as objections because the document was "untimely."  A review of this document shows that it is plaintiff's attempt at responding to the summary judgment motion.  It was filed on November 10, 2010, two days before the extended deadline set by the court.  The court recognized this and ordered plaintiff to resubmit the document in the proper form.  He has not done so, but due to the liberality with which *pro se* submissions are treated, the court will consider the document as plaintiff's response to the summary judgment motion.

judgment.  (Dkt. No. 36).

## II.   Summary Judgment

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir.1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial.  *Salahuddin v. Goord*, 467 F.3d at 273.  In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272.  While the court must extend "extra consideration" to *pro se* parties, this does not relieve the *pro se* of his duty to meet the requirements necessary to defeat the motion.  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003).  A *pro se* party's

bald assertion, "completely unsupported by the evidence," is not sufficient to overcome a properly supported motion. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### III. Exhaustion of Administrative Remedies

#### A. Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. § 1997(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal action. This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See, e.g.*, *Giano v. Goord*, 380 F.3d 670, 675–76 (2d Cir. 2004). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Scott v. Del Signore*, 02-CV-029F, 2005 U.S. Dist. LEXIS 6070, *12–15 (W.D.N.Y. Feb. 18, 2005) (citing *inter alia Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004)). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *Id.* at *12–13 (citing *Giano*, 380 F.3d at 675).

In *Jones v. Bock*, the Supreme Court held that in order to properly exhaust an inmate's administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. 549 U.S. at 218 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). In *Woodford*, the Court held that "proper" exhaustion

means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90–103.

Grievance programs and procedures in *county* facilities are contained in the regulations governing the New York State Commission of Correction, appearing in the chapter entitled "Minimum Standards and Regulations for Management of County Jails and Penitentiaries," in the part specifically entitled "Grievance Program." N.Y. Comp. Codes R. & Regs., (NYCRR), tit. 9, §§ 7032.1–.11. Under these regulations, an inmate must file his grievance within five days of the date of the conduct giving rise to the complaint. *Id.* § 7032.4(d). The chief administrative officer of the facility designates a staff member to act as a grievance coordinator, and the grievance coordinator must issue a written decision within five business days. *Id.* at 7032.4(I). The grievant may appeal an adverse determination to the chief administrative officer or his designee within two business days of receiving the adverse determination. *Id.* § 7032.4(j). The chief administrative officer renders a decision within five business days, and if the grievant is still not satisfied, he may appeal the adverse decision directly to the Commission of Correction within three business days. *Id.* §§ 7032.4(k), 7032.5.

At the same time that the Second Circuit decided *Giano*, it also decided four other related cases, clarifying the law in the Second Circuit regarding the PLRA's exhaustion requirement, and specifying instances in which the requirement could be

5

waived or excused.[2]  Based on these cases, the Second Circuit developed a "three part inquiry" to determine whether an inmate has fulfilled the exhaustion requirement.  *See Brownell v. Krom*, 446 F.3d 305, 311–12 (2d Cir. 2006) (citing *Hemphill*, 380 F.3d at 686).  The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estop them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

Whether the *Hemphill* test survives following the Supreme Court's decision in *Woodford* has been a matter of some speculation.[3]  Although the Second Circuit has not explicitly held that *Hemphill* remains good law, it has applied the three-part inquiry in recent cases.  *See, e.g.*, *Dicks v. Chow*, 382 Fed. Appx. 28, 31 (2d Cir. N.Y. 2010); *Davis v. State of New York*, 311 Fed. Appx. 397, 399 (2d Cir. 2009).

### B.    Application

In defendant Nurse Cooper's affidavit, she states that she "reviewed the appropriate records pertaining to grievance," finding that plaintiff "did not file any

---

[2] *See Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004) (remanding case to determine if defendant's alleged threats constituted "special circumstances" justifying plaintiff's failure to exhaust); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004) (whether failure to exhaust may be justified because plaintiff obtained favorable rulings on his grievances, but the relief that he was supposed to obtain was never forthcoming); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004) (whether including claims in a disciplinary appeal may suffice for the exhaustion requirement); *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004) (complete dismissal is not required when plaintiff brings both exhausted and unexhausted civil rights claims).

[3] *See, e.g.*, *Newman v. Duncan*, 04-CV-395 (TJM/DRH), 2007 WL 2847304, at * 2 n.4 (N.D.N.Y. Sept. 26, 2007); *Shariff v. Coombe*, 655 F. Supp. 2d 274, 285–86 n.7 (S.D.N.Y. 2009).

grievance concerning the [complaint's] subject matter." (Cooper Aff. ¶ 14, Dkt. No. 36-5). Plaintiff admits he did not file a grievance, but claims he was prevented from doing so by defendant Nurse Cooper. (Dkt. No. 12).

Under the first prong of the Second Circuit's "three part inquiry," administrative remedies were indeed available to plaintiff. *Brownell*, 446 F.3d at 311–12. The NYCRR Grievance Program is recognized as an "available" remedy for county prison inmates for PLRA purposes. *See Corye v. Carr*, 9:08-CV-46 (GJD/LEK), 2009 U.S. Dist. LEXIS 124089, at *18 (N.D.N.Y Sept. 30, 2009). While courts have found unavailability where the inmate was unaware of the grievance procedures, plaintiff does not fall under this category. *Hargrove v. Riley*, 04-CV-4587, 2007 U.S. Dist. LEXIS 6899, at *26 (E.D.N.Y. Jan. 31, 2007). Here, plaintiff, in his sworn Complaint, stated "Yes" in response to the question "Is there a prisoner grievance procedure at this facility." (Dkt. No. 12).

Moreover, the defendants' own actions do not estop them from raising the defense of failure to exhaust. In plaintiff's sworn Complaint, he answers the question ". . . did you present the facts relating to your complaint [to the] grievance program?" by marking "No." (Dkt. No. 12). Plaintiff then added text indicating he "wrote to the Superintendent . . . directly about [his] complaints." (Dkt. No. 12). Plaintiff later writes that he "asked" defendant Nurse Cooper if he could "speak with someone in grievance" but she "just ignored" him. (Dkt. No. 12). Plaintiff alleges that he resorted to writing the superintendent directly because he was "locked in a single room and . . . not let out to file a timely grievance." (Dkt. No. 12).

However, plaintiff does not explain how he was able to write the superintendent, despite being unable to file a grievance. Even if defendant Nurse Cooper would not allow plaintiff to file a grievance while under her care, plaintiff does not explain why he was unable to do so when she was off duty. Also, plaintiff does not allege he was prevented from filing a grievance *after* he was released into the general population from the medical tier. Plaintiff had ample opportunities to file a grievance and cannot be excused from his obligation to do so. *See Brownell*, 446 F.3d at 311–12. No rational fact finder could determine that plaintiff exhausted his administrative remedies, or was deterred from doing so by the actions of any defendants.[4] Plaintiff cannot be excused from filing a grievance under the *Hemphill* test, and his case should be dismissed for failure to exhaust administrative remedies.

Ordinarily, the proper remedy for a failure to exhaust is a dismissal without prejudice in order to give plaintiff a chance to exhaust and then re-file his complaint. *See Brown v. Najsoli*, 687 F. Supp. 2d 295, 298 (W.D.N.Y. 2009) (citations omitted). However, given that nearly four years have lapsed since the alleged conduct occurred, plaintiff's grievance would clearly be untimely if submitted at present. In any event, dismissal with prejudice in this action is appropriate because of plaintiff's behavior

---

[4] *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' . . . and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account.") (citation omitted).

during defense counsel's attempt to conduct plaintiff's deposition.[5]  Moreover, the defendants make a compelling case that plaintiff's claim would not survive summary judgment, if considered on its merits.[6]

## IV.     Failure to Participate in Deposition

### A.     Legal Standards

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to obey "an order to provide or permit discovery," the court may then make orders

---

[5] To the extent that the court could have found a question of fact regarding Nurse Cooper's alleged conduct, this court would still recommend dismissal as a sanction for plaintiff's behavior at the aborted deposition because defendants were precluded from obtaining discovery regarding any alleged communications between plaintiff and Nurse Cooper.

[6] In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003).  The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing, *inter alia. Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Plaintiff's complaint alleged that defendants denied him access to his prescribed medication of Coumadin (Warfarin).  Yet, according to medical records submitted by the defendants, plaintiff had no history of taking Coumadin prior to his incarceration at the Albany County Correctional Facility in 2007.  (Cooper Aff. ¶ 8; Dkt. No. 36-5; Ex. B, Dkt. No. 36-7 at 83).  The records indicate plaintiff was placed on a six-month regimen with Coumadin only ***after*** referral to Albany Medical Center.  While plaintiff maintains his medical needs were treated with deliberate indifference, he has not submitted any evidence to dispute the medical records.  A *pro se* party's bald assertion, "completely unsupported by the evidence," is not sufficient to overcome a properly supported motion. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995).  *See also Brown v. White*, 9:08-CV-200, 2010 WL 985184, at *8 (N.D.N.Y. Mar. 15, 2010) (plaintiff's conclusory suggestion that defendant nurse completely refused to provide any medical attention on a particular date is insufficient to create a dispute of fact in the face of the sworn declaration and supporting documentary evidence in the record.); *Benitez v. Pecenco*, 92 Civ. 7670, 1995 WL 444352 at n.5, (S.D.N.Y. July 27, 1995) (citations omitted) (conclusory claim that plaintiff was never issued medication was directly contradicted by medical records and was insufficient to create a factual dispute on that issue).

regarding the failure to abide by the discovery order. Fed. R. Civ. P. 37(b)(2)(A). Rule 37 also contains a specific section providing sanctions for a "[p]arty's failure to attend its own deposition . . . ." Fed. R. Civ. P. 37(d). Sanctions include preclusion, orders deeming certain facts established, striking pleadings, dismissal (only in extreme circumstances), or contempt (unless it was an order to submit to medical examination). Fed. R. Civ. P. 37(d)(3) (referring to the sanctions listed in Rule 37(b)(2)(A)(i)–(iv)). In lieu of, or in addition to the above orders, the court can assess attorneys fees and reasonable expenses, unless the court finds that the failure to obey the order was substantially justified or other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

An "order" for purposes of Rule 37(b)(2) may be an order after a motion to compel under Rule 37(a), but this is only one of the possibilities. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). The court in *Daval* stated that a court may impose sanctions provided there is any clearly articulated order requiring specified discovery. *Id.* An oral order is sufficient. *Id.*

The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault by the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had *prior notice* that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d

83, 99 (2d Cir. 1995).

In determining whether dismissal is appropriate, the court must consider factors such as: (1) the duration of plaintiff's failure to comply with the court's order; (2) whether plaintiff had notice that failure to comply could result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balance between the court's interest in managing its docket and the plaintiff's right to be heard; and (5) a consideration of sanctions less drastic than dismissal. *Spencer v. Doe*, 139 F.3d 107, 112–13 (2d Cir. 1998).

### B.    Application

On June 18, 2010, defense counsel Donald Ford was scheduled to depose plaintiff at the Wyoming Correctional Facility.  Defense counsel traveled over four hours to conduct the deposition.  (Ford Aff. ¶ 8, Dkt. No. 36-2 at 3; Ex. F, Dkt. No. 36-3 at 5).  Upon the attorney's arrival, plaintiff refused to provide an oral deposition. (Ford Aff. ¶ 8, Dkt. No. 36-2 at 3; Ex. F, Dkt. No. 36-3 at 4).

After considering alternative sanctions, this court concludes that the "extreme" sanction of dismissal is appropriate.  *Bobal*, 916 F.2d at 764.  Defense counsel traveled a great distance for the deposition, and plaintiff was made aware of that fact. (Ford Aff. Ex. F, Dkt. No. 36-3 at 5–6).  Plaintiff refused to answer questions because he did not "want" to discuss his case at that time.  (Ford Aff. Ex. F, Dkt. No. 36-3 at 5).  Plaintiff felt that because his motion for appointment of counsel was pending, and because he was still preparing his response to Albany Correctional Facility's motion to dismiss, he should not be required to participate in the deposition.  (Ford Aff. Ex. F,

11

Dkt. No. 36-3 at 5). However, the motion to dismiss related to the Albany Correctional Facility only, and did not effect the substance of the case against the individual defendants. The discovery deadline on all other matters was set to expire one week after the date of the deposition; thus defendants would have had to ask for a further extension from the court to reschedule the deposition. (Ford Aff. Ex. F, Dkt. No. 36-3 at 10).

More importantly, however, when plaintiff persisted in refusing to participate, attorney Ford telephoned my chambers. I specifically warned plaintiff of the possibility of sanctions, including dismissal. (Ford Aff. ¶ 8, Dkt. No. 36-1 at 3; Exs. F, G, Dkt. No. 36-3 at 10–15, 23). I also advised plaintiff that I had denied his application to appoint counsel. (Ford Aff. Ex. F, Dkt. No. 36-3 at 12–13). Moreover, I offered plaintiff additional time to complete his response to the motion to dismiss in exchange for participating in the deposition, so that plaintiff would not be "prejudiced by the loss of time with the deposition." (Ford Aff. Ex. F, G, Dkt. No. 36-3 at 13, 23). Nevertheless, plaintiff willfully refused to participate in the deposition. (Ford Aff. Ex. F, Dkt. No. 36-3 at 14).

Plaintiff's refusal to participate in the deposition impeded defense counsel in obtaining information he needed to respond to the plaintiff's claims. For example, the defendants were precluded from exploring plaintiff's allegation that nurse Cooper "just ignored" his request to file a grievance.

Plaintiff had unambiguous notice that failure to comply with my order could result in dismissal. Plaintiff's refusal was willful and in bad faith, and he continued to

refuse after being specifically ordered to continue by the court.  As a result of plaintiff's refusal to participate in the deposition, and his blatant disregard of my order, his complaint should be dismissed with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion for summary judgment (Dkt. No. 36), be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 11, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge