UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES T. MILES,

                              Plaintiff,

      -against-                                       9:09-CV-1279 (LEK/ATB)

ALBANY CORRECTIONAL
FACILITY, *et al*,

                              Defendants.

## DECISION and ORDER

      This matter comes before the Court following a Report-Recommendation filed on July 11, 2011 by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 41). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff James T. Miles ("Plaintiff" or "Miles"), which were filed September 13, 2011. Objections (Dkt. No. 44).

      This Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the record, and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

Plaintiff appears to raise the following arguments in his Objections: first, that the staff of Albany Correctional Facility prevented him from exhausting his administrative remedies as required by the Prison Litigation Reform Act; second, that Judge Baxter improperly denied his earlier Motion for appointment of counsel; third, that he did not believe that it was in fact Judge Baxter who called during his deposition and directed him to proceed; and fourth, that Judge Baxter erred in recommending dismissal of his Complaint with prejudice. Obj. ¶¶ 1-4. For the reasons given below, the Court rejects all of these arguments.

Plaintiff's first argument – that he was prevented from exhausting his administrative remedies – is merely a reiteration of the allegations in his Complaint. See Compl. at 3, 7-8; Obj. ¶ 1. Accordingly, the Court has reviewed the relevant portions of the Report-Recommendation only for clear error, and finds that Plaintiff's objections cannot stand. See Farid, 554 F. Supp. 2d at 307. The Magistrate Judge correctly stated the standard for determining whether an inmate has fulfilled the exhaustion requirement. Report-Rec at 6 (citing Brownell v. Krom, 446 F.3d 305, 311-312 (2d Cir. 2006)). The Court has examined Judge Baxter's application of this standard in the Report-Recommendation, and finds no clear error in the conclusion that Plaintiff failed to exhaust his administrative remedies.

Plaintiff's second objection is that he is "entitled to legal assistance" under the Constitution, and that Judge Baxter therefore erred in denying his request for legal assistance. Obj. ¶ 2. This issue was not addressed in the Report-Recommendation, but rather was decided in Judge Baxter's

previous Order denying Plaintiff's Motion to appoint counsel. See Dkt. No 21 ("Motion"); Dkt. No. 22 ("Order").  Because Plaintiff had the opportunity to fully brief this issue in his Motion, the Court will review Judge Baxter's denial of legal assistance only for clear error.  Judge Baxter's Order properly laid out the standard for determining whether counsel should be appointed on behalf of an indigent party.  Order at 2 (citing Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d. Cir. 1997)); Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989)).  The Court has examined Judge Baxter's application of this standard, and finds no clear error.  Because Plaintiff does not allege any new facts or arguments that would warrant reconsideration of this issue, his objections on this basis are rejected.

Plaintiff next asserts that he did not believe it was in fact Judge Baxter who called during his deposition and directed him to proceed. Obj. ¶ 3.  Plaintiff also states that "dismissal [of his Complaint] with prejudice is to[o] severe a remedy." Id. ¶ 4.  This is the first time that Plaintiff has raised these arguments, and the Court therefore reviews *de novo* the portion of the Report-Recommendation that addresses Plaintiff's failure to participate in his deposition. 28 U.S.C. § 636(b).

First, the Court does not find Plaintiff's assertion that he did not believe he was indeed speaking to Judge Baxter to be credible.  Plaintiff did not indicate that he had any doubts as to Judge Baxter's identity at any point during the conversation. See Status report transcript (Dkt. No. 34) ("Transcript") 10-15.  On the contrary, Plaintiff's responses indicate that he believes he is speaking to the Judge presiding over his case. Id. 11:11-21 ("Good afternoon, sir . . . I received a note from you . . .").  The Court therefore denies any objection raised by Plaintiff on this basis.

Finally, after a *de novo* review of the record, the Court adopts Judge Baxter's recommended

sanction of dismissal with prejudice. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party that fails to obey "an order to provide or permit discovery" can be subject to such sanctions as dismissal, contempt, and assessment of attorneys' fees and reasonable expenses. FED. R. CIV. P. 37(d). "[D]ismissal with prejudice is a harsh remedy to be used in only extreme situations . . . and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990) (internal quotations omitted). The sanction of dismissal with prejudice may be imposed on a *pro se* litigant, but only if "a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994).

After reviewing the record, the Court finds that Plaintiff's noncompliance was indeed willful. Despite receiving a message that Judge Baxter had directed him to proceed, and despite a telephone conversation in which Judge Baxter personally directed him to proceed, Plaintiff maintained his refusal to participate in the deposition. Tr. 8:16-9:9; 10:21-15:13. During the telephone conversation, Judge Baxter addressed Plaintiff's concerns about going forward with the deposition: he informed Plaintiff of his pending Order on the request for legal assistance, and he offered to extend Plaintiff's upcoming deadline to complete a response. Id. 12:25-13:12. Judge Baxter also warned Plaintiff multiple times that if he did not proceed with the deposition, his Motion could be dismissed. Id. 12:21-24; 13:13-17; 14:19-20; 15:2-9. Because Plaintiff willfully refused to participate in his deposition after being warned that such noncompliance could result in dismissal, the Court adopts Judge Baxter's recommendation that Plaintiff's Complaint be dismissed with prejudice.

Accordingly, it is hereby:

4

**ORDERED**, that the Report-Recommendation (Dkt. No. 41) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED**, that the Defendant's Motion for summary judgment (Dkt. No. 36) is **GRANTED**, and that the Complaint (Dkt. No 1) is **DISMISSED in its entirety with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   September 27, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge